# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN G. LEWIS, | CASE NO. 1:07-cv-01469-OWW DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIMS FOUND TO BE COGNIZABLE |
| v. | |
| ARNOLD SCHWARZENEGGAR, et al., | |
| Defendants. | (Doc. 1) |
| / | RESPONSE DUE WITHIN THIRTY DAYS |

**Screening Order**

### I.  Screening Requirement

Plaintiff Brian G. Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action was filed on August 31, 2007, and transferred from the Northern District of California on October 9, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Summary of Plaintiff's Complaint

Plaintiff is currently housed at the California State Prison - Lancaster. The events giving rise to the claims at issue in this action allegedly occurred at Pleasant Valley State Prison. Plaintiff alleges that John Doe #1 received a medical slip call for emergency treatment of plaintiff's staph infection. Plaintiff alleges that medical staff ignored numerous requests, and that John Doe #2, Chief Medical Officer at Pleasant Valley State Prison, ignored plaintiff's pleas and requests. Plaintiff states that he was left with a staph infection for one month without proper care, causing a life-threatening situation. Plaintiff names John Doe 1, John Doe 2, and Arnold Schwarzeneggar, Governor of the State of California, as defendants.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

1  pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d
2  at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or
3  intentionally interfere with medical treatment, or it may be shown by the way in which prison
4  physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).
5  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
6  further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
7  needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
8  407 (9th Cir. 1985)).

9        Plaintiff has sufficiently alleged the existence of a serious medical need and that further harm
10 resulted due to the delay in treating his medical condition.  Further, Plaintiff has alleged sufficient
11 facts to allow him to proceed against John Doe #2, the Chief Medical Officer at Pleasant Valley State
12 Prison.

13       However, Plaintiff's allegations do not give rise to a claim for relief against John Doe #1 or
14 defendant Schwarzeneggar. The Civil Rights Act under which this action was filed provides:

15       Every person who, under color of [state law] . . . subjects, or causes
      to be subjected, any citizen of the United States . . . to the deprivation
16       of any rights, privileges, or immunities secured by the Constitution .
      . . shall be liable to the party injured in an action at law, suit in equity,
17       or other proper proceeding for redress.

18 42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal
19 Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)
20 (internal quotations omitted).  "To the extent that the violation of a state law amounts to the
21 deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution,
22 Section 1983 offers no redress." Id.

23       Section 1983 plainly requires that there be an actual connection or link between the actions
24 of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.
25 Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A
26 person deprives another of a constitutional right, where that person 'does an affirmative act,
27 participates in another's affirmative acts, or omits to perform an act which [that person] is legally
28 required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500

3

F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff states only that John Doe 1 is an employee of the California Department of Corrections. It is unclear whether John Doe 1 was a medical staff employee, what actions defendant John Doe 1 took, and how his/her actions are linked to the deprivation alleged by plaintiff.

With respect to defendant Schwarzeneggar, plaintiff fails to allege any action undertaken by this defendant that resulted in the deprivation of plaintiff's constitutional rights. The fact that defendant Schwarzeneggar is the Governor of the State of California, standing alone, does not provide a basis for liability.

Plaintiff shall be provided with an opportunity to file an amended complaint.

**III.    Request for Temporary Restraining Order**

In addition to money damages, plaintiff seeks a temporary restraining order ("TRO") "against any further abuses, in the Constitution Amendments One, Four, Eight and Fourteenth Amendments". Plaintiff has not stated against whom he seeks a temporary restraining order. It also appears that plaintiff's request may be moot, since he has since been transferred to CSP-Lancaster, and is presumably no longer subject to the conditions giving rise to this action. (When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991)).

**IV.    Motion for Appointment of Counsel**

Plaintiff also seeks the appointment of counsel. The court deems this request addressed and resolved by the Court's order issued June 23, 2008, denying plaintiff's motion for appointment of counsel filed June 12, 2008. (Doc. 13).

///

4

## V. **Conclusion and Order**

Plaintiff's complaint states a claim under the Eighth Amendment against Defendant John Doe 2, but fails to state a claim against defendants John Doe 1 or Schwarzeneggar. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff does not wish to file an amended complaint and is agreeable to proceeding only against Defendant John Doe 2, Plaintiff may so notify the Court in writing, and the Court will issue a Findings and Recommendations recommending that Defendants John Doe 1 and Schwarzeneggar be dismissed from this action, and will forward Plaintiff one summons and one USM-285 form for completion and return. Upon receipt of the forms, the Court will direct the United States Marshal to initiate service of process upon John Doe 2.

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

   b. Notify the Court in writing that he does not wish to file an amended complaint and wishes to proceed only against Defendant John Doe 2 on his Eighth Amendment medical care claim; and

3. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:   September 3, 2008**            /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE